MATHEWS, Justice.
This is an appeal from an order dismissing a bill of complaint. The appellant was the husband of Blanche Quimby Stephens who died testate May 1, 1950, owning certain improved real estate in Broward County which was the home and dwelling place of the decedent and the appellant for several years prior to her death. The decedent left surviving her a daughter and son by a former marriage and they are the appellees in this cáse. They were the beneficiaries of their mother’s will.
The suit was instituted by the husband of the deceased, seeking a ■ declaratory decree that the home of hi's deceased wife was not the subject of alienation by will: It is alleged that for several yeárs prior to decedent’s death', the appellant 'had been dependent on her; that she had paid the' major part of the household and living 'expenses and that his own income was entirely insufficient' to provide the necessities of life. A motion tó dismiss the -bill was-granted and this appeal is prosecuted-from the order of dismissal.
The question presented for our determination is whether or not the wife, who is the head of the family consisting of herself and husband and who is the sole owner of the home in which she and the husband resided prior to her death, may devise the home free of any claim or interest on the part of the surviving husband when she has adult children surviving her but who do not live in the home.
Section 4 of Article X of the State Constitution, ' F.S.A., is as follows:
"Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; nor if the holder be without children to prevent kiwi or her from disposing of his or her homestead by •will in a manner prescribed by law” (Emphasis supplied.)
Blanche Quimby Stephens did not die without children. The fact that they were not minors or dependent upon her for support did not prevent them being her children. De Cottes v. Clarkson, 43 Fla. 1, 29 So. 442.
Mrs. Stephens was the owner or holder of a homestead. She left children surviving her and also a husband who had lived with her on the homestead property and who, it is alleged, was' dependent upon her for support.' She was thé head of a family and could not by will aliénate the homestead.
Reversed, with directions to set aside-the order dismissing the-bill of complaint, and to enter a -proper order denying the motion-to dismiss the bill of ■ -complaint, and for further proceedings in accordance with this opinion. ■ • , -
THOMAS, SEBRING, HOBSON and DREW, JJ., concur.
ROBERTS,.. C. J., and TERRELL, J., dissent.